NOT FOR PUBLICATION                                      [Docket No. 13]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| MAURICE T. HENDERSON  Plaintiff,  v.  VOORHEES TOWNSHIP, et al.,  Defendants, | Civil No. 07-141(RMB)  **OPINION** |

APPEARANCES:

Kenneth D. Aita, Esq.
126 White Horse Pike
Haddon Heights, NJ 08035
     Attorney for Plaintiff, Maurice T. Henderson

Michael O. Kassak, Esq.
White & Williams, Esqs.
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002
     Attorney for Defendant, Voorhees Township

Salvatore J. Siciliano, Esq.
Siciliano & Associates, LLC
16 S. Haddon Avenue
Box 25
Haddonfield, NJ 08033
     Attorney for Defendant, Patrol Officer Lance Klein

William A. Garrigle, Esq.
Garrigle & Palm, Esqs.
Cherry Hill Plaza
1415 Marlton Pike East
Suite 311
Cherry Hill, NJ 08034

      Attorney for Defendant, Patrol Officer Joseph Gonnion

Francis X. Donnelly, Esq.
Mayfield, Turner, Omara, Donnelly & McBride, PC
2201 Route 38
Suite 300
Cherry Hill, NJ 08002
      Attorney for Defendant, Patrol Officer Nicholas Gruber

**BUMB**, United States District Judge:

**Introduction**:

      This matter comes before the Court on a motion by Defendant, Voorhees Township Police Department, for partial judgment on the pleadings. Plaintiff has submitted no opposition. Because the Police Department's motion is unopposed, this Court will "treat all facts properly supported by the movant to be uncontroverted." Allebach v. Sherrer, 2005 WL 1793726 at *2 (D.N.J. July 27, 2005).

      On September 16, 2005, at approximately 3:11 am, Plaintiff was driving home from work when he was stopped by Defendant, Patrol Officer Lance Klein. See Plaintiff's Complaint at 3 at ¶ 2. Soon thereafter, Defendant Klein was joined on the scene by Patrol Sergeant Gerard Slack, Patrol Officer Joseph Gonnion and Patrol Officer Nicholas Gruber. Id. at ¶ at 11-14. The Defendants issued two traffic tickets to the Plaintiff. Id. at 4 at ¶ 15. As the Plaintiff drove away he uttered an offensive word at the patrolmen and a chase ensued. Id. at ¶ 16-18. The Plaintiff was then arrested and charged with eluding the police,

disorderly conduct, careless driving and failure to wear a seat belt. Id. at ¶ 20.

Plaintiff filed the above-captioned action on January 10, 2007, pursuant to 42 U.S.C. §§ 1983 and 1988(b) and New Jersey law. Plaintiff claims that he was illegally arrested, searched, seized, detained, and incarcerated without probable cause. See Plaintiff's Complaint at 5 at ¶ 22.

The Defendant, Voorhees Township Police Department, has now moved for partial summary judgment on the pleadings because it avers that it is not a proper defendant in this action.

**Legal Standard:**

Pursuant to the instant motion, Defendant, Voorhees Township Police Department moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Rule 12(c) provides:

> **Motion for the Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

"[T]he difference between Rules 12(b)(6) and 12(c) is purely procedural, as the same standards govern both motions." Rinaldo v. Komar, 2007 U.S. Dist. LEXIS 2657 at *6 (D.N.J. Jan 12, 2007) (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428

(3d Cir. 1991)).  A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)(internal citations omitted). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 1965 (internal citations omitted).

 A district court must accept any and all reasonable inferences derived from those facts.  <u>Unger v. Nat'l Residents Matching Program</u>, 928 F.2d 1392 (3d Cir. 1991); <u>Glenside West Corp. v. Exxon Co., U.S.A.</u>, 761 F. Supp. 1100, 1107 (D.N.J. 1991); <u>Gutman v. Howard Sav. Bank,</u> 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff. <u>See Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).

**Discussion:**

The Voorhees Township Police Department asks the Court to dismiss all counts against it because it is not a proper defendant in this action. In Section 1983 claims, police departments cannot be sued in conjunction with a municipality because they are merely arms of the municipality, not separate entities. DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001). See also, Open Inns, Ltd. v. Chester County Sheriff Dept., 24 F. Supp. 2d 410, 417 (E.D. Pa. 1998) (dismissing claim against sheriff's department because it is only a sub-unit of the County). The Third Circuit has long held that under a Section 1983 claim, municipalities and police departments are to be treated as a single entity. See Bosenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir. 1997). Moreover, the State of New Jersey recognizes that municipal police departments are not separate entities from the municipalities. N.J.S.A. 40A:14-118 (police departments are created as executive and enforcement branches of the municipal government; whether as divisions, departments or agencies of the municipalities).

The Plaintiff has already named the Voorhees Township as a Defendant in this action. Therefore, for the aforementioned reasons, the Voorhees Police Department cannot be sued as an individual entity since it is only a branch of the Township. Thus, the Voorhees Police Department's motion will be granted.

An accompanying Order will issue this date.

Dated: July 27, 2007               s/Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   United States District Judge